CUTRER, Judge.
This suit was filed by Alex Cormier and his wife seeking the enforcement of a provision for revendication[1] in an act of sale of immovables or, alternatively, for the payment of the principal and interest due on a note executed by the defendant, Sherwood Ransom. The trial court rendered a judgment denying the demand for revendication and awarded Cormier his alternative demand for the payment of the balance of the principal and interest due on the promissory note. We affirm.
On May 7, 1970, Cormier conveyed to Ransom a tract of land situated in Lafayette Parish. It was filed of record the same day. The conveyance was made by act of credit sale. In partial payment of the purchase price, Ransom delivered to Cormier a promissory note for $10,375.00, made payable to the order of Alex Cormier. It was to be paid in equal monthly installments of $100.00 commencing on June 7, 1970, until paid in full. The credit portion of the sale was secured by a vendor’s privilege and special mortgage.
In addition, the act of sale contained the following provision:

“Purchaser expressly agrees to execute in favor of Alex Cormier, vendor, an act of retrocession of the above described property herein conveyed in the event that he fails to pay any two (2) monthly installments on the promissory note identified herewith. Purchaser’s failure to make said payments shall give Alex Cor-mier ipso facto right to an act of retrocession.”

Ransom transferred the property to Jack P. Wood on March 8, 1972. Wood was also made defendant herein. Ransom, however, continued to make the monthly payments on the credit sale note until May 1980. Ransom failed to make payments for the months of June and July. The balance of the note was $2,664.00. After demand for payment was made upon Ransom, he went to Cormier and offered to pay the entire balance due on the note. The offer was refused by Cormier as he wanted the land returned. Suit by Cormier was filed thereafter on October 9, 1980.
Cormier filed the suit seeking to enforce the above provision for revendication or, in the alternative, payment of balance of the principal, interest and attorney’s fees. The trial court rendered judgment denying the demand for revindication and awarded the plaintiff $2,664.00 together with legal interest from date of judicial demand until paid.[2] No attorney’s fees were allowed. Cormier appealed this judgment.
The substantial issue presented is whether the trial court erred in denying the right of revendication or return of the property.
Cormier contends that the revendication provision of the credit sale gives him a right to have the land returned when Ransom became delinquent in his payments for two months. We disagree. The trial judge correctly interpreted and applied LSA-C.C. art. 2563, which provides as follows:
“If, at the time of the sale of immova-bles, it has been stipulated that, for want of payment of the price within the term agreed on, the sale should be of right dissolved, the buyer mav nevertheless make payment after the expiration of the term, as loner as he has not been placed in a state of default, bv a judicial demand. but after that demand, the judge can grant him no delay.” (Emphasis ours.)
*1229 Applying the clear provisions of this article to the facts at hand, Ransom, even though he became delinquent in his payments for two months, retained the right to pay the balance due on the note until he was put in default by judicial demand (October 9, 1980). Since Ransom offered to pay the full amount owing on the note in August 1980, such tender, prior to default by judicial demand, had the effect of rendering the revendication provision of the credit sale unenforceable. See: Southport Mill v. Ansley, 160 La. 131, 106 So. 720 (1926). The trial judge correctly denied the right of revendication under these circumstances.
JUDGMENT ON THE NOTE
The trial court rendered a judgment in favor of Cormier for the balance due on the note, $2,664.00, with legal interest from judicial demand until paid in full. Attorney’s fees in the amount of fifteen percent as provided by the note were not awarded. The trial court correctly denied the claim for attorney’s fees. The note provided as follows:
“... they further agree to pay all attorney’s fees incurred in the collection of this note, or any portion hereof, including interest, which fees are hereby fixed at fifteen per cent of the amount to be collected.”
As we previously pointed out, Ransom had tendered the payment of the note in full before suit was filed. This was refused and Cormier chose to litigate the revendication clause. Tender having been made for payment of the note before suit was filed, attorney’s fees for collection of same shall not be allowed. The trial court correctly so ruled.
For the reasons assigned, the trial court judgment is affirmed. The costs of this appeal shall be paid by the plaintiff-appellant, Alex Cormier.
AFFIRMED.

. The credit sale and the petition erroneously refers to the provision as a “retrocession” provision.

. Upon inquiry of the Clerk of this court, the Clerk of Court for Lafayette Parish responded that a second judgment was signed by the trial court on February 9, 1982, which dismissed the suit against Jack Wood. The clerk informs us that no appeal was taken from that judgment. Apparently that judgment is now final and we will make no further reference thereto.